■ DINNIE PTASCHNIK, Also Known as DORIN DEMATO, Respondent, v CARMINE CENNAMO, Respondent, and CELAURO SALES, INC., Appellant. (And a Third-Party Action.) [657 NYS2d 967] —In a negligence action to recover damages for personal injuries, the defendant Celauro Sales, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated May 28, 1996, as denied its cross motion pursuant to CPLR 3212 for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint and all cross claims insofar as asserted against the appellant are dismissed, and the action against the remaining defendant is severed.

The plaintiff alleged in her complaint that the accident and her resulting injuries were caused by the appellant's negligence in allowing a tile floor in the subject premises to remain in a slippery condition.

In support of its cross motion for summary judgment, the appellant submitted a deed indicating that the subject premises were owned by an entity known as Celfam Realty Corp. and a copy of the deposition testimony of Wayne Celauro, an officer of the appellant, wherein he indicated that at the time of the occurrence, the appellant was not a party to any contracts or agreements providing for the maintenance of the floors at the subject premises. This evidence made out a prima facie case (*see*, CPLR 3212 [b]) of the appellant's lack of ownership, main-

tenance, and control. The evidence submitted by the plaintiff in opposition to the cross motion failed to overcome the appellant's showing. Bracken, J. P., Santucci, Friedmann and Goldstein, JJ., concur.